# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 13-01344 JGB (SPx) | Date | September 25, 2013 |
|---|---|---|---|
| Title | *Alan Carriaga v. Wells Fargo Bank N.A., et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Doc. No. 8); (2) DENYING AS MOOT Defendant's Motion to Dismiss (Doc. No. 3); (3) VACATING the September 30, 2013 Hearings; and (4) REMANDING the Action to the Superior Court of the State of California, County of San Bernardino (IN CHAMBERS)

Before the Court are Defendant's Motion to Dismiss (Doc. No. 3) and Plaintiff's Motion to Remand (Doc. No. 8). The Court finds these matters appropriate for resolution without hearings pursuant to Local Rule 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS the motion to remand, DENIES AS MOOT the motion to dismiss, and REMANDS the action to state court.

## I. BACKGROUND

**A. Factual History**

On June 28, 2013, Plaintiff Alan Carriaga ("Plaintiff" or "Carriaga") filed this complaint against defendants Wells Fargo Bank, N.A.[1] ("Defendant" or "Wells Fargo") and Does 1 through

---

[1] In this order, Wells Fargo Bank, N.A. includes references to all of its corporate predecessors including Wells Fargo Bank Southwest, N.A., Wachovia Mortgage, FSB, and World Savings Bank, FSB.

100.  (Compl., Not. of Removal, Exh. A, Doc. No. 1.)  Plaintiff alleges that Wells Fargo breached its contract relating to a mortgage loan on real property located at 12113 Palm Court, Grand Terrace, California 92313 ("Subject Property").  (Compl. ¶¶ 1, 35.)

On August 30, 2006, Plaintiff obtained a loan on the Subject Property from Wells Fargo.  (Id. ¶ 6.)  On March 11, 2008, a Notice of Default was recorded on the Subject Property.  (Id. ¶ 9.)  Thereafter, Plaintiff alleges that Defendant offered him a forebearance agreement, but he was unable to make all of the required payments.  (Id. ¶ 10.)  In fall 2008, Defendant informed him that he is eligible for the Mortgage Assistance Plan ("MAP"), and Plaintiff submitted an application.  (Id. ¶¶ 11-12.)

In a letter addressed to Plaintiff in February 2009, Defendant stated that if he is accepted to the MAP program, then the balance of the loan would be reduced, his payments would be current and no past due interest would be owed, and after 12 timely payments Wells Fargo would send Plaintiff a Visa gift card for $500.  (Id. ¶¶ 11, 17, Exh. D.)  Additionally, the letter also stated that foreclosure proceedings against Plaintiff would be suspended while Wells Fargo processed his MAP application.  (Id. ¶ 16, Exh. D.)

Plaintiff alleges that immediately after receiving the letter, he called Wells Fargo and spoke with representative Ismael ("Ismael" or "Representative"), who informed him that Wells Fargo would put him into the program and save his home if he faxed the MAP application.  (Id. ¶ 19.)  Plaintiff also contends that the Representative confirmed that Subject Property would not be foreclosed upon while Defendant processed his MAP application.  (Id.)  Plaintiff faxed the application, and then around April 2009, he received another letter from Wells Fargo informing him that a proposal had been prepared, but the "final modification terms" would not be available until "income verification is completed and the modification agreement prepared."  (Id. ¶ 20, Exh. E.)

On May 19, 2009, a Notice of Trustee's Sale ("NOS") was recorded informing Plaintiff that his home was going to be sold in a non-judicial foreclosure on June 3, 2009.  (Id. ¶ 22, Exh. F.)  Plaintiff then contacted Ismael who said not to worry about the NOS, and that he would "fix the problem."  (Id. ¶ 23.)  On July 2, 2009, Plaintiff's home was sold in a non-judicial foreclosure sale, and title of the property was conveyed to Wells Fargo.  (Id. ¶¶ 24, 26.)

B.  **Procedural History**

On June 28, 2013, Plaintiff Alan Carriaga filed a complaint in Superior Court of the State of California, County of San Bernardino against Defendants Wells Fargo Bank, N.A. and Does 1 through 100 for: (1) breach of contract, (2) declaratory relief, (3) to set-aside the Trustee Sale, (4) to void and cancel the Trustee's Deed Upon Sale, and (5) for violation of California Business & Professions Code § 17200.  (Compl., Not. of Removal, Exh. A, Doc. No. 1.)  On August 1, 2013, Defendant removed the action to this Court on the basis of diversity jurisdiction.  (Not. of Removal.)

On August 8, 2013, Defendant filed a motion to dismiss the complaint (Doc. No. 3) and requested judicial notice of several documents in support thereof.  On August 21, 2013, Plaintiff

opposed.  (Doc. No. 5.)  Defendant replied on August 26, 2013.  (Doc. No. 7.)  Thereafter, on August 28, 2013, Plaintiff filed a motion to remand the case to San Bernardino Superior Court. ("Motion," Doc. No. 8.)  Defendant filed an opposition on September 9, 2013.  ("Opp'n," Doc. No. 12.)  Plaintiff did not reply.

## II.  LEGAL STANDARD[2]

In general, a defendant may remove a case over which the federal courts have original jurisdiction.  28 U.S.C. § 1441(a).  Here, the purported basis for original jurisdiction is diversity of citizenship.  28 U.S.C. § 1332(a).  Diversity jurisdiction generally requires "complete diversity," that is, "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).  The removing party bears the burden of establishing federal subject matter jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Further, the court "strictly construe[s] the removal statute against removal jurisdiction . . . . Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id. (citations omitted).

## III. DISCUSSION

### A.  Motion to Remand

Plaintiff argues that this case should be remanded to state court because Wells Fargo's principal place of business in is San Francisco, California, and therefore its citizenship is not diverse from Plaintiff, who is also a California citizen. (Motion at 4-5.)  Defendant counters that it is only a citizen of South Dakota, which is the state designated as its main location. (Opp'n at 5-7.)  Essentially, the parties disagree over whether a national bank, such as Wells Fargo, is solely a citizen of the state where its main office is located, namely South Dakota, or is also a citizen of the state where it has its principal place of business, specifically California.

The relevant jurisdiction statue, 28 U.S.C. § 1348, states:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter. All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

---

[2] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

28 U.S.C. § 1348. Interpreting the word "located," the Supreme Court held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006). However, the Court did not decide whether a national bank might also be "located," for purposes of § 1348, in the state where it maintains its principal place of business. See id. at 317 n.9 ("The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide."). The issue presented here is whether, under § 1348, Wells Fargo is "located" in the state of its principal place of business, namely California.

Although this question has been heavily litigated in the district courts, there is no Supreme Court or Ninth Circuit authority which decides the issue. See Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1059 (C.D. Cal. 2012) (noting "the absence of guidance from either the Supreme Court or the Ninth Circuit").[3] Courts in this district are divided on the question. However, most courts have concluded Wells Fargo is a citizen of South Dakota, where it has its main office, and California, where it has its principal place of business. Compare Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1061 (C.D. Cal. 2012) (concluding that "Wells Fargo is a citizen only of South Dakota, not California"); McNeely v. Wells Fargo Bank, N.A., SACV 11-01370 DOC, 2011 WL 5320997, at *3 (C.D. Cal. Nov. 1, 2011) with Olson v. Wells Fargo Bank, N.A., 2013 WL 4407495, at *12, __ F. Supp. __ (C.D. Cal. Aug. 1, 2013) (concluding that "for purposes of § 1348 a national bank is also located in the state of its principal place of business" and "Wells Fargo therefore is a citizen of California"); Singer v. Wells Fargo Bank, N.A., No. SACV 12–801, 2012 WL 2847790, at *5 (C.D. Cal. July 11, 2012) (same); Rouse v. Wachovia Mortg., FSB, No. EDCV 11–00928 DMG (DTBx), 2012 WL 174206, at *14 (C.D. Cal. Jan. 13, 2012) (same); Goodman v. Wells Fargo Bank, N.A., No. CV 11–2685 JFW (Rzx), 2011 WL 2372044, at *2 (C.D. Cal. June 1, 2011) (same); Gutterman v. Wachovia Mortg. Bank, N.A., No. CV 11–1611 GAF (CWx), 2011 WL 2633167, at *1 (C.D. Cal. Mar. 31, 2011) (same).

The most recent published Central District case to decide this question, Olson v. Wells Fargo Bank, N.A., 2013 WL 4407495, at *12, __ F. Supp. __ (C.D. Cal. Aug. 1, 2013), thoroughly analyzed "the legislative histories of § 1348 and § 1332(c)(1) and the policies of diversity jurisdiction and dual citizenship" and concluded that "Congress intended to continue jurisdictional parity between national banks and corporations." Id. at *7. After examining the extensive judicial background behind § 1348 and its predecessor statutes, the Olson court found that "the purpose of the predecessor statutes was to put national banks on the same footing as

---

[3] Recognizing the absence of controlling authority, Wells Fargo requests that the Court hold off on deciding the Motion because the Ninth Circuit is currently considering an appeal which "concerns the exact issue" presented here. (Opp'n at 2.) On August 29, 2013, the Ninth Circuit ordered oral arguments in Rouse v. Wachovia Mortgage, FSB, D.C. No. 5:11-cv-00928-DMG-DTB, 9th Cir. No. 12-55278 (2012), which are scheduled to be heard on November 5, 2013. Given that oral argument has not yet occurred, the Ninth Circuit's ruling in Rouse likely will not issue for many months. The Court declines to hold this case in abeyance pending the Ninth Circuit's far-off decision in another action.

state banks and corporations." Id. at *6.  As amended in 1958, § 1332(c)(1) made corporations dual citizens of their states of incorporation and principal places of business.  28 U.S.C. § 1332(c)(1).  Although § 1348 was last amended in 1948, ten years before corporations became dual citizens, the Olson court concluded that Congress sought to enact dynamic jurisdictional parity between banks and corporations wherein the term "located" should incorporate any changes in the jurisdictional rules applies to corporations.  Olson, 2013 WL 4407495, at *6.  Applying this reasoning, the Olson court held that a "national bank is also located in the state of its principal place of business" and "Wells Fargo therefore is a citizen of California." Id. at *8.  The Court finds Olson persuasive and fully adopts its analysis, reasoning, and holding herein.

Given the long history of jurisdictional parity between national banks and corporations and the fact that "located" is a "chameleon word" whose "meaning depends on the context in and purpose for which it is used," Schmidt, 546 U.S. at 318, the Court finds that a national bank is a citizen of the state where its main office is located and of the state where its principal place of business resides.  Accordingly, Wells Fargo is a citizen of South Dakota and California.

Since Plaintiff and Defendant are citizens of California, complete diversity does not exist in this case and the Court lacks subject matter jurisdiction over this action.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand.  Since the Court lacks subject matter jurisdiction, Defendant's motion to dismiss is DENIED AS MOOT.  The Court REMANDS this action to the California Superior Court for the County of San Bernardino.  The September 30, 2013 hearings on the motions are VACATED.

**IT IS SO ORDERED.**